1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IMMANUEL PRICE,                              No. 2:22-cv-2306 KJN P

12            Plaintiff,

13        v.                                      ORDER

14   OFFICER BURKHART,

15            Defendant.

16

17          Plaintiff is a state prisoner, proceeding pro se.  On December 28, 2022, defendant properly

18   removed plaintiff's complaint filed in the Sacramento County Superior Court to this court, paid

19   the filing fee, and asks this court to screen the complaint.  As noted by defendant, plaintiff asserts

20   only one claim of action:  defendant Burkhart retaliated against plaintiff in violation of the First

21   Amendment.  (ECF No. 1 at 2, 10.)  As set forth below, plaintiff's complaint is dismissed with

22   leave to amend.

23   Screening Standards

24          The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

                                                  1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff alleges that defendant Burkhart slammed plaintiff's arms and wrists against the tray slot in the cell door while attempting to cuff plaintiff for escort to the holding cage.  Plaintiff contends Burkhart did so in retaliation for plaintiff "expressing [his] need for medical

2

1    accommodation" because plaintiff had a waist chain chrono and plaintiff refused to submit to

2    being handcuffed behind his back.  (ECF No. 1 at 10.)  Plaintiff claims that Burkhart's use of

3    excessive force would "deter a person of ordinary firmness from engaging in that protected

4    activity."  (Id.)   Plaintiff seeks money damages.

5    Discussion

6         "Prisoners have a First Amendment right to file grievances against prison officials and to

7    be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

8    (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

9    prison context has five elements:  "(1) An assertion that a state actor took some adverse action

10   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

11   chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

12   advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

13   2005).  In order to state a cognizable retaliation claim, the plaintiff must specifically identify the

14   protected conduct at issue and show that the defendant took the adverse action "because of"

15   plaintiff's protected conduct.[1]   A retaliation claim is not cognizable without allegations that

16   plaintiff's exercise of his constitutionally protected rights was the "substantial" or "motivating"

17   factor for the defendant's challenged conduct.  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310,

18   1314 (9th Cir. 1989) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 419 U.S. 274, 287

19   (1977)).

20        Here, plaintiff's allegations, as currently pled, do not state a cognizable retaliation claim.

21   Requesting a disability accommodation is not protected conduct under the First Amendment.  See

22   Lipsey v. Samaniego, No. 1:17-cv-1703 LJO JDP, 2019 WL 1431591, at *5, 2019 U.S. Dist.

23   LEXIS 54544 (E.D. Cal. Mar. 29, 2019) (request for an accommodation "is not protected conduct

24   under the First Amendment"), findings and recommendations adopted, 2019 U.S. Dist. LEXIS

25   122582 (E.D. Cal. Apr. 17, 2019); Hunter v. Williams, No. 2:19-cv-1101 CKD, 2020 WL

---

[1]  Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in
the courts.  See Rhodes, 408 F.3d at 567.  Prison officials may not retaliate against prisoners for
exercising these rights.  Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997);
Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

26

27

28

1    2935427, at *4, 2020 U.S. Dist. LEXIS 97698 (E.D. Cal. June 3, 2020) ("requesting an ADA

2    accommodation is not protected conduct under the First Amendment"). See also Wood v. Yordy,

3    753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that

4    defendants acted out of retaliation is not sufficient.")

5         Therefore, plaintiff's complaint must be dismissed.  In an abundance of caution, plaintiff

6    is granted leave to file an amended complaint.

7         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

8    about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g.,

9    West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

10   each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

11   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

12   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

13   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

14   participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

15   268 (9th Cir. 1982).

16        A district court must construe a pro se pleading "liberally" to determine if it states a claim

17   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

18   opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

19   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

20   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

21   Atlantic, 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

22   'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell

23   Atlantic Corp., 550 U.S. at 570).

24              A claim has facial plausibility when the plaintiff pleads factual
              content that allows the court to draw the reasonable inference that the
25            defendant is liable for the misconduct alleged. The plausibility
              standard is not akin to a "probability requirement," but it asks for
26            more than a sheer possibility that a defendant has acted unlawfully.
              Where a complaint pleads facts that are merely consistent with a
27            defendant's liability, it stops short of the line between possibility and
              plausibility of entitlement to relief.
28

                                                   4

1   Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

2   can provide the framework of a complaint, they must be supported by factual allegations, and are

3   not entitled to the assumption of truth.  Id. at 1950.

4          An amended complaint must be complete in itself without reference to any prior pleading.

5   Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

6   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

7   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

8   pleading is superseded.

9          The court will provide plaintiff the civil rights form used by prisoners to file a § 1983

10  complaint.  Plaintiff should use this form to amend the complaint.

11         In accordance with the above, IT IS HEREBY ORDERED that:

12         1.  Plaintiff's complaint is dismissed.

13         2.  Within thirty days from the date of this order, plaintiff shall complete the attached

14  Notice of Amendment and submit the following documents to the court:

15                a.  The completed Notice of Amendment; and

16                b.  An original of the Amended Complaint.

17  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

18  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

19  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

20         Failure to file an amended complaint in accordance with this order may result in the

21  dismissal of this action.

22         3.  The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by

23  a prisoner.

24  Dated:  February 2, 2023

25

26                                                    KENDALL J. NEWMAN
                                                      UNITED STATES MAGISTRATE JUDGE

27  /pric2306.14n

28

5

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IMMANUEL CHRISTIAN PRICE,              No. 2:22-cv-2306 KJN P

12                    Plaintiff,

13           v.                            NOTICE OF AMENDMENT

14   M. BURKHART,

15                    Defendant.

16        Plaintiff hereby submits the following document in compliance with the court's order

17   filed_____.

18                     _____     Amended Complaint

19   DATED:

20

21                                          _____
                                            Plaintiff

22

23

24

25

26

27

28